**SANGER et, Appellees, v. GROSS, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24115.   Decided May 7, 1957.

Harry Sanger, Sheldon E. Ross, Carl A. Mintz, in Propriae Personae. Sarah Gross, In Propria Persona.

(Judges of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J.

This is an appeal from a judgment of the Municipal Court of Cleve-

land, Ohio, entered in favor of the appellees and against the appellant. It is designated an appeal "on questions of law and law and fact."

For the reason that the case is not appealable on questions of law and fact, we entertain the appeal on questions of law, and dismiss the appeal on law and fact.

A bill of exceptions has been approved and filed within the statutory time, and the errors assigned are fully set out in the appellant's brief.

It appears that on April 11, 1956, Harry Sanger, Sheldon E. Ross and Carl A. Mintz, attorneys at law in the city of Cleveland, filed a petition in the Municipal Court, in which they sought a judgment against Sarah Gross in the amount of $3,000. They asserted that they had rendered legal services for Miss Gross on occasions, including the successful handling of a case, in which she was a litigant, in both the Common Pleas Court and Court of Appeals of Cuyahoga County. It was further asserted that they were entitled to one thousand dollars by virtue of a contract for the trying of the case in the Court of Common Pleas, and two thousand dollars for the trying of the case on appeal—that amount representing the reasonable value of their services.

A manuscript, said to be an answer and cross-petition, was prepared and filed, by the defendant, Gross, in propria persona. It reflects in every respect the ineptness of a layman in an attempt to practice law. But whatever it may be called, it at no place admitted or acknowledged an obligation to pay the amount demanded or any other amount. It inferentially denied a contract of hire, and denied any indebtedness to the plaintiffs.

The following language is taken from the purported answer: "that said * * * plaintiffs did not render legal services and advice, which was for our best interest and benefit; that said plaintiffs acted without our expressed authority, and, as such, are entitled to no compensation for their legal services." (The word "our" therein referred to Miss Gross and her sister.)

While the instrument designated an answer and cross-petition was signed by the defendant, Gross, it was not verified under the terms of the statute. A motion to strike from the files lies where an answer lacks a proper verification, but objection to the verification of an answer is deemed to be waived if a party proceeds without challenging the defect. See: **31 O. Jur., Pleading, pg. 832, Sec. 244,** and cases cited in support of the text.

We find nothing in the record before us indicating an objection to the sufficiency of the pleading, and, as a consequence, when the case came on for hearing, the allegations relating to the plaintiffs' claimed right to judgment were put in issue.

Pursuant to the setting of the case for trial, under the rules and regulations of the Municipal Court, the various parties appeared before the judge assigned to try the cause. The appellant, Gross, was not represented by counsel, and sought, for the second time, a continuance.

The record shows the following:

"The Court. All right. We have to bring this case to a head. Judge Busher (an associate judge of the Municipal Court), the other day,

refused a continuance; refused a demand for a jury; and so this case is set to be heard in my room. Here is what I am going to do: You want a continuance and a chance to get yourself a lawyer, is that correct?

"Miss Gross. Whatever you say, Judge. I leave it to you.

"The Court. It is your money, not mine. Do you feel you are in a position to go ahead and defend yourself in this case without a lawyer?

"Miss Gross. I would like to have a lawyer if you give me permission.

"The Court. That is what I am leading up to. On the other hand, these men are entitled to bring this thing to a head.

"Miss Gross. I was entitled to it, too. They kept up my lawsuit three years.

"The Court. Now, here is what I am going to do: I am going to enter a judgment, a default judgment, for the plaintiffs in the amount of $3,000, the amount prayed for, and you will have ten days to get yourself a lawyer to file a motion to vacate and to file a motion for a new trial. Now, if you don't do that, the judgment will stand. Is that understood?

"Miss Gross. Yes."

Following this hearing, a part of which is set out above, the court entered the following judgment:

"Parties in Court. Defendant's counsel withdraws on account of nonpayment of fees. Defendant choosing not to proceed without counsel, and in view of J. (Judge) Busher's overruling of defendant's motion for continuance, this court enters judgment for plaintiffs for $3,000 and costs. Defendant's cross-petition dismissed for want of prosecution."

A motion for new trial was duly filed by Miss Gross, in which she claimed various errors in the proceedings.

The entry of judgment deciding this motion appears as follows:

"Both parties in court. Defendant's motion for a new trial is hereby overruled. Remittitur of $500 ordered. Defendant excepts."

It appears from the foregoing statement of the Judge, and the subsequently-entered journal entry, that the court was of the opinion that it was empowered to enter a default judgment, even though the defendant was neither in default for answer nor for appearance in court at the time set for the trial.

Without further comment, it is obvious that these circumstances defeated any right of the plaintiffs to a default judgment.

It may be that the court could have properly compelled an immediate trial because of the prior conduct of the defendant, which included the granting to her of five separate extensions of time to plead, as well as a previous continuance of the trial of the case; but no authority rested with the court under the laws of this state to enter a default judgment.

The defendant was entitled at least to a trial in which the plaintiffs should submit their proof, and she, if she saw fit, could defend.

For the foregoing reasons, the judgment will be reversed, and the cause remanded to the Municipal Court for further proceedings.

Reversed and remanded.

HUNSICKER, PJ, STEVENS, J, concur.